DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants appeal from the Lorain Municipal Court's decision denying their request for satisfaction from judgment. We affirm.
 {¶ 2} In 1999, LeaseComm Corp. (Appellee) obtained a judgment against Terry Dull and Auto Improvements (Appellants) for breach of contract arising out of the lease of business equipment by Appellants from Appellee.[1] In 2003, in a separate action, the Federal Trade Commission (FTC) pursued Appellee in Federal District Court in Massachusetts for Appellee's practices regarding the financing of lease agreements for specifically defined types of business equipment. Appellee and the FTC entered into a "stipulated final judgment and order" whereby, among other provisions, Appellee was prohibited from collecting judgments obtained in its favor on such lease agreements. We note that the agreement with the FTC was captioned a "stipulated final judgment and order," but it has the character of a consent decree, and we will refer to it and treat it as such.
 {¶ 3} Appellants filed a motion in Lorain Municipal Court on August 11, 2005, entitled "Motion for Satisfaction of Judgment". Although Appellants had not satisfied the 1999 judgment by paying the balance to Appellees, we conclude that the purpose of the motion was to have the balance of the judgment extinguished by the court. Appellants claimed that Appellee was precluded from collecting the 1999 judgment because Appellants' lease was the type of lease described in the FTC consent decree. On October 12, 2005, the magistrate held a hearing, and issued his decision on October 13, 2005. He found that Appellants were entitled to have the judgment declared satisfied, and ordered that Appellee do nothing further to collect on it. Appellee objected to the magistrate's findings, and a hearing was held before the trial judge on December 30, 2005. The trial judge rejected the magistrate's findings on the grounds that Appellants' lease was not the type of lease covered by the consent decree, and reinstituted the 1999 judgment. Appellant timely appealed, raising one assignment of error for our review:
 FIRST ASSIGNMENT OF ERROR "The trial court abused its discretion in overruling the magistrate's decision granting [Appellants] a satisfaction of judgment"
 {¶ 4} Appellants claim that the trial court erred in rejecting the magistrate's decision and in refusing to grant their motion for satisfaction of judgment. We disagree.
 {¶ 5} The record before this court includes the transcript of the hearing before the magistrate, upon which evidence the magistrate ruled that Appellee could no longer pursue payment on the 1999 judgment against Appellants. It also contains Appellee's objections to the magistrate's decision, and the trial court's ruling, subsequent to a hearing, that Appellant's judgment was not satisfied and Appellee could continue to pursue payment.
 {¶ 6} However, this court cannot consider the trial court's reasoning because Appellant failed to file with this court the transcript from the trial court's hearing. App.R. 9(B) requires the appellant to provide the appellate court with the portions of the record necessary for considering the appellant's claims because it is the appellant's burden to demonstrate error in the trial court by identifying the portions of the trial court record where those errors are found. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 7} Under Civ.R. 53(D)(4)(b), "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." We must presume that the proceedings in the trial court leading the trial judge to reject the decision of the magistrate were without irregularity, and we therefore affirm the trial court's decision.
 {¶ 8} Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARR, J.
MOORE, J.
CONCUR
[1] At various stages of the trial court proceedings, there were other parties to the proceedings who are no longer involved. We do not address those parties, as they affect neither the procedural history nor the outcome of this appeal.